Filed 3/16/22  P. v. Terry CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DIALO ANDRAES TERRY,<br><br>　　Defendant and Appellant. | H049079<br>(Santa Clara County<br>　Super. Ct. No. C1909540) |

Appellant Dialo Andraes Terry appeals from a judgment entered after conviction by plea.  Appointed counsel for Terry has filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Terry was advised of the right to file a supplemental brief but has not responded.  Finding no arguable error that would result in a disposition more favorable to Terry, we affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

On April 4, 2019, a group of four men and two women chased Ryan Rousse into a Dollar Tree store in San Jose.[1]  The men hit and kicked Rousse, who received multiple stab wounds.  Rousse died of his wounds later that day.  One of the individuals chasing

---

[1] These facts are taken from the probation report prepared for Terry's sentencing.

Rousse was heard yelling " 'Norte, you piece of sh*t drop out.' " and " 'He's a Northerner.' " By the time the police arrived at the store, the group chasing Rousse had fled.

A police investigation resulted in the identification of Terry as one of the individuals who had participated in the stabbing of Rousse at the Dollar Tree store.

Terry was charged by indictment with participating in a criminal street gang (Pen. Code, § 186.22, subd. (a)[2]; count 1), murder (§ 187, subd. (a); count 2) with an allegation that he had committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(5)) and a special circumstance allegation that, when he killed the victim, Terry was an active participant in the Norteño criminal street gang (§ 190.2, subd. (a)(22)), and assault with a deadly weapon (§ 245, subd. (a)(1); count 3) with an allegation he had committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)). Five other individuals were also charged in the indictment.[3]

On July 18, 2019, Terry filed a motion to set aside the indictment (§ 995) on the ground that insufficient evidence was presented to the grand jury to support count 2, its special allegation, and count 3. Terry also contended the indictment must be dismissed because the prosecution had failed to present exculpatory evidence.

On September 13, 2019, the trial court granted the section 995 motion as to count 3 and dismissed that count against Terry. The court denied Terry's motion on the remaining grounds, including insufficiency of the evidence as to count 2 and its allegations.

On December 19, 2019, the parties appeared in court for a change-of-plea hearing. The trial court engaged in an oral plea colloquy with Terry before taking his plea. The

---

[2] Unspecified statutory references are to the Penal Code.
[3] According to the probation report prepared for Terry's sentencing, the other codefendants resolved their cases by plea agreement. Their cases are not before this court in this appeal.

court informed Terry that if it said anything Terry did not understand, he could have more time to speak to his attorney. Terry said he understood. As part of the plea colloquy with the court, Terry stated he was satisfied with his counsel's advice, and Terry had no questions about the plea agreement or his case. In response to a question from the court, Terry stated he had not had any problems speaking with his attorney.

Terry entered a plea of no contest to count 2 (§ 187, subd. (a)) and admitted the enhancement under section 186.22, subdivision (b)(5) pursuant to a plea agreement in which he agreed to plead to those charges in exchange for a prison sentence of 25 years to life and dismissal of the remaining counts and allegations. The plea form stated that Terry waived his appellate rights, and at the hearing the prosecutor described Terry's waiver of "appellate rights" as one of the terms of the agreement. During the oral plea colloquy, the trial court did not ask Terry about his waiver of his appellate rights, and the prosecutor made no request that the court do so.

Prior to sentencing, Terry moved to withdraw his plea. Terry asserted he had felt pressured by his attorney to take the plea and had had insufficient time to consider the offer. Terry was only 20 years old at the time of the plea and had had no other experience with the criminal justice system.

Prior to sentencing, Terry's counsel sought a continuance to obtain a psychological assessment of Terry "for use in defendant's motion to withdraw plea" and to present information pursuant to *People v. Franklin* (2016) 63 Cal.4th 261. The People opposed the motion for a continuance, arguing Terry could introduce materials for a future *Franklin* hearing after sentencing.

The People also opposed Terry's motion to withdraw his plea, contending Terry had not shown good cause. The People pointed out that Terry had considered the plea offer over the course of three days and had met separately with family members and defense counsel to consider the offer before accepting it.

3

On February 25, 2021, the parties appeared before the trial court for a hearing on Terry's motions and for sentencing. The trial court considered Terry's counsel's request for a continuance. Terry's trial counsel indicated he understood he could file materials for the *Franklin* hearing later but still sought a continuance to obtain psychological testing to assist Terry in his motion to withdraw the plea. Counsel stated he was hoping to obtain findings "that would amplify Mr. Terry's situation in making decisions in a time frame under pressure that would be out of the abnormal [*sic*] for a person in that position" but did "not have anything concrete to present to the court at this time." The trial court denied the motion to continue the sentencing.

The trial court also denied Terry's motion to withdraw his plea. The trial court judge, who was the bench officer that had taken Terry's plea, stated he had "taken a lot of time to reflect on this, because I appreciate the seriousness of the matter" and "Terry's youth." The court indicated that it "did everything in its power to give [Terry] more than significant enough time to reflect on his options. The options were very serious. [Terry] clearly got a benefit from the disposition in that the sentence—the potential sentence of life without parole was taken off the table." The court further observed that the offer was "appropriate" and "reflected the conduct as was understood by all sides." The court noted that nothing in the plea colloquy indicated that Terry felt pressure. The court found that Terry had "over time, . . . changed his mind as to whether this is what he wanted to do," but the court did not believe that Terry had established good cause to withdraw the plea.

After denying Terry's motion to withdraw his plea, the trial court on February 25, 2021, sentenced Terry on count 2 to an indeterminate term of imprisonment of 25 years to life. The court awarded 651 days of custody credit and stayed the punishment on the gang enhancement. The court deemed the offense gang related and ordered Terry to

4

register pursuant to section 186.30. The court dismissed the remaining counts and allegations.[4]

The trial court ordered a restitution fund fine of $300 (§ 1202.4, subd. (b)) and imposed and suspended a $300 parole revocation fund fine (§ 1202.45). The court stayed all other fines and fees. The court ordered restitution in the amount of $1,770 to be paid to the California Victim Compensation Board. The order was joint and several as to Terry and his five codefendants.

On February 26, 2021, Terry filed a notice of appeal and on March 22, 2021, obtained a certificate of probable cause, citing the trial court's denial of his motion to withdraw his plea.

On March 9, 2021, Terry, representing himself, filed a "verified motion and declaration of Dialo Terry for requesting for reconsideration of motion to withdraw plea." (Boldface & capitalization omitted.) In the motion, Terry asserted his attorney provided inadequate representation, coerced him into accepting the plea bargain, and did not give him an adequate understanding of his right to go to trial. Terry stated he "was told to lie in court and state that he understood everything that was being stated regarding acceptance of [the] plea," and Terry did not understand the significance of his answers.

## II. DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Having undertaken an examination of the entire record, including the record related to Terry's motions to withdraw his plea, we find no arguable error that would result in a disposition more favorable to Terry. We therefore affirm the judgment.

---

[4] The trial court noted that another docket (No. C1917169) was also on calendar. Defense counsel stated that a complaint had been filed in that matter, but at the preliminary hearing there had been a no holding order for the charge against Terry. The court ordered that docket off calendar, and it is not before this court in this appeal.

### III. DISPOSITION

The judgment is affirmed.

_____
                              Danner, J.

WE CONCUR:

_____
Elia, Acting P.J.

_____
Bamattre-Manoukian, J.

**H049079**
***People v. Terry***